UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KELLY L. MARTIN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:17-cv-00774 |
| ) | CHIEF JUDGE CRENSHAW |
| BREWER, KRAUSE, BROOKS & ) | |
| CHASTAIN, et al., ) | |
| ) | |
|     Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff, Kelly L. Martin, filed this *pro se* action alleging, *inter alia*, violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"). Plaintiff has also filed an application to proceed *in forma pauperis* (IFP). (Doc. No. 2.) Because it appears from Plaintiff's application that she is unable to pay the filing fee, her IFP application (Doc. No. 2) is **GRANTED**.

    **I.**    **BASIS AND STANDARD FOR INITIAL REVIEW**

Having granted Plaintiff leave to pursue this suit without paying the filing fee, the Court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. If an action is filed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether a complaint states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the

complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). It is the plaintiff, not the court, who must set forth a coherent cause of action. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters

of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II. FACTS AND ANALYSIS

Plaintiff alleges that her former employer, the law firm Brewer, Krause, Brooks & Chastain, and several of its agents, Ali Toll and John and Jane Doe, obtained a Westlaw PeopleMap report about her without her consent and failed to provide her with a copy of the report. She alleges that she was subsequently terminated, presumably based upon information contained in the report, despite never having been cited for any deficits in her job performance. Plaintiff claims that these facts constitute violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq*. Plaintiff also claims that by discussing and disseminating facts contained in the report and shared by the Plaintiff in confidence with Defendant Toll, the Defendants violated Plaintiff's federal constitutional rights "against intrusion upon seclusion, invasion of privacy, defamation of character, slander, and . . . being held in a false light." (Doc. No. 1 at 1.) She seeks injunctive relief and monetary damages totaling approximately $3.7 million for herself and her minor son. (Id. at 8–9.)

The FCRA governs the dissemination of "consumer reports," which it defines to include any "communication of any information by a consumer reporting agency bearing on a consumer's . . . character, general reputation, [or] personal characteristics," which is used or expected to be used as "a factor in establishing the consumer's eligibility for . . . employment purposes." 15 U.S.C. § 1681a(d)(1). A "consumer" for the purposes of FCRA is any individual. § 1681a(c). FCRA defines "employment purposes" to include "evaluating a consumer for employment, promotion, reassignment or retention," and defines "consumer reporting agency" to include "any

person which, for monetary fees, . . . regularly engages in whole or in part in the practice of assembling . . . information on consumers for the purpose of furnishing consumer reports to third parties" in interstate commerce. § 1681a(f) and (h). FCRA prohibits the procurement of a consumer report for employment purposes unless the consumer has authorized the procurement in writing after "clear and conspicuous disclosure," and further prohibits any adverse employment action based in whole or in part on the report without first providing to the affected consumer a copy of the report and a description of the consumer's rights under the FCRA. § 168b(2)(A) and (3)(A). Accepting Plaintiff's allegations as true and construing them liberally in her favor, subject to further development about whether the PeopleMap report in question constitutes a consumer report governed by FCRA, the Court finds that Plaintiff has stated a nonfrivolous claim against Defendants for violations of FCRA.

Plaintiff has failed, however, to state any claim for violation of her constitutional rights. 42 U.S.C. § 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983. Plaintiff in this case has not satisfied either element. She has not cited to any provision of the constitution guaranteeing a right to be free from what amounts to gossip, and even if such a right existed, Plaintiff has not named as defendants any governmental entity or agent or anyone even arguably acting under color of state law in the course of the events alleged in the complaint. See Maxberry v. Provident Bank, 826 F.2d 1064 (6th Cir. 1987) (Table)

("[D]efendants cannot be said to have been acting under the color of state law as they are all private citizens or privately-owned . . . business institutions.") Plaintiff's claims for alleged constitutional violations are therefore **DISMISSED**.

Because the only claim surviving initial review is Plaintiff's claim for violations of FCRA, the claim for loss of consortium on behalf of her minor child is also **DISMISSED**. The provisions of FCRA establishing civil liability make violators of "any requirement imposed under this subchapter with respect to any consumer [ ] liable **to that consumer**." 15 U.S.C. §§ 1681n(a), 1681o(a) (emphasis added). Accordingly, "only persons to whom a credit report *relates* have standing to bring an action under this statute." Wiggins v. Equifax Servs., Inc., 848 F. Supp. 213, 226 (D.D.C. 1993) (emphasis in original) (citing Conley v. TRW Credit Data, 381 F.Supp. 473, 474 (N.D.Ill.1974)). To the extent Plaintiff intended the consortium claim to be a supplemental claim arising under state law, Tennessee law provides no basis for loss of parental consortium claims outside of cases alleging wrongful death. See Taylor v. Beard, 104 S.W.3d 507, 511 (Tenn. 2003) (refusing to recognize loss of parental consortium claim in personal injury case, because to do so would be "to declare the public policy of this State by creating a previously unrecognized common law cause of action in an area where the legislature has taken action").

Plaintiff asks the Court to appoint counsel to represent her. (Doc. No. 1 at 9.) An indigent plaintiff in a civil action, unlike a criminal defendant, has no constitutional right to the appointment of counsel. Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003); Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993). Rather, the appointment of counsel is a "privilege justified only by exceptional circumstances." Lavado, 992 F.2d at 606 (citations omitted). Whether to appoint counsel for an indigent plaintiff in a civil action is a matter within the discretion of the district court. Id. at 604. In making the determination of whether the circumstances warrant the

appointment of counsel, courts are to consider the type of case presented and the abilities of the plaintiff to represent himself. Id. at 606 (citations omitted). Evaluation of these factors in turn "generally involves a determination of the complexity of the factual and legal issues involved." Id. (internal quotation marks and citation omitted). In this instance, Plaintiff is unable to afford counsel, but she has not demonstrated that her circumstances are different from those in which most *pro se* litigants find themselves, and her allegations do not suggest any facts or issues that would be exceptionally difficult to present. Accordingly, the request for appointment of counsel is **DENIED**, without prejudice to Plaintiff's ability to raise the issue again at a later date if circumstances warrant.

### III. FURTHER ACTION

The Clerk is **INSTRUCTED** to send Plaintiff service packets (a blank summons and USM 285 form) for the Defendants. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **21 days** of the date of this Order. Upon return of the completed service packets, **PROCESS SHALL ISSUE**. Plaintiff is warned that the failure to return the completed service packet within the time required could jeopardize her prosecution of this action, but she may request additional time for complying with this Order if necessary. Plaintiff is further warned that process cannot be served upon unnamed "Doe" defendants until the actual individuals involved in alleged incidents have been properly identified. Plaintiff is obligated to exercise due diligence to take discovery and conduct a reasonable investigation to promptly determine the actual names of any "John and Jane Doe" defendants and to file a timely motion pursuant to Fed. R. Civ. P. 15 for leave to amend her complaint to correctly identify such defendants once their names are ascertained, and to effect timely service of process upon them, as required by Fed. R. Civ. P. 4(m). Plaintiff is further warned that failure to advise the Court promptly of any change of her address,

or failure to comply with any Orders of the Court, may result in dismissal of this action for failure to prosecute.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Rule 26(a)(1) of the Federal Rules of Civil Procedure, regarding required initial discovery disclosures, shall not apply.

Despite the issuance of process, the Magistrate Judge may *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE