## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| KELLY L. MARTIN, Individually and on behalf of her minor child, CARTER Xxxxxx (identity protected as to minor status, and as an Agent for the U. S. Government, | ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | |
| v. | ) ) | Case No. 3:17-cv-00774 |
| | ) | |
| BREWER, KRAUSE, BROOKS & CHASTAIN, ALI TOLL, Individually and as agent for BREWER, KRAUSE, BROOKS & CHASTAIN, JOHN DOE, and JANE DOE, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND/OR FED. R. CIV. P. 12(B)(6)**

Come now the defendants, Brewer, Krause, Brooks & Chastain, PLLC and Ali Toll

(collectively "BKBC"), and submit this Reply, pursuant to the court's Order dated _____.

**I.    THE PLAINTIFF'S "RESPONSE" TO BKBC'S MOTION TO DISMISS COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND/OR FED. R. CIV. P. 12(B)(6) IS LEGALLY INADEQUATE TO RESIST OR OPPOSE SAID MOTION.**

BKBC moved [Doc. 16], pursuant to 28 U.S.C. § 1915(e)(2) and/or Fed. R. Civ. P.

12(B)(6), to dismiss the plaintiff's Complaint.[1]  BKBC acknowledged this Court might also convert its Motion to Dismiss to a Motion for Summary Judgment because extraneous evidence was utilized.

Under the Federal Rules of Civil Procedure, the burden imposed upon a party resisting such a dispositive motion is clear.  As was noted by the First Circuit Court of Appeals, it is not sufficient under the federal summary dismissal standards to simply question whether an adverse party's uncontradicted evidence is to be believed.  In the case of Favorito v. Pannell, 27 F.3d 716, 721 (1st Cir. 1994), the Court noted:

> The Supreme Court has pointed out that Rule 50 (judgment as a matter of law) and Rule 56 (summary judgment) "mirror" one another. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). *See also* Fed.R.Civ.P. 50 advisory committee's notes accompanying 1991 amendment (stating that incorporation of the Rule 56 "judgment as a matter of law" standard into Rule 50 was intended to "link the[se] two related provisions"). It is well established that "a mere challenge to the credibility of a movant's witnesses without any supporting evidence" does not raise a trialworthy issue of fact. *Moreau v. Local Union No. 247,* 851 F.2d 516, 519 (1st Cir.1988) (citing *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514); *Blanchard v. Peerless Ins. Co.,* 958 F.2d 483, 490 (1st Cir.1992) (noting: nonmovant must demonstrate "genuine dispute" as to credibility in order to resist summary judgment); 10A Charles A. Wright, et al., *Federal Practice and Procedure: Civil* § 2726, at 119 (2nd ed. 1983) ("[S]pecific facts must be produced in order to put credibility in issue ... [u]nsupported allegations ... will not suffice."). As the Supreme Court explained in *Anderson v. Liberty Lobby:*
>
> > Respondents argue, however, that ... the defendant should seldom if ever be granted summary judgment where ... the jury might disbelieve him or his witnesses.... They rely on *Poller v. Columbia Broadcasting Co.,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962), for this proposition. We do not

---

[1] In her "Response," the plaintiff notes there "does not exists any portion of 28 U.S.C. § 1915(e)(2) in plaintiff's argument within the Complaint."  [Response, p. 1, Doc. 19, Page 1 of 18, Page ID 217.]  What plaintiff fails to recognize is this is the statutory scheme by which this Court has allowed her to proceed in forma pauperis, and it is this statute which requires strict scrutiny of her claims to determine if said claims are frivolous, and which requires dismissal when frivolous or malicious claims are identified.

> understand *Poller,* however, to hold that a plaintiff may defeat a defendant's properly supported motion for summary judgment in a conspiracy or libel case, for example, without offering any concrete evidence from which a reasonable juror could return a verdict in his favor and by merely asserting that the jury might, and legally could, disbelieve the defendant's denial of a conspiracy or of legal malice. The movant has the burden of showing that there is no genuine issue of fact, but *the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict.* Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.

477 U.S. at 256, 106 S.Ct. at 2514 (emphasis added).

> Thus, we think it clear under Rule 50, as in the summary judgment context, that a *bare assertion* that the opposing party's uncontroverted evidence might be disbelieved is insufficient to resist judgment as a matter of law on an issue as to which the party resisting judgment bears the burden of proof.

Asserting that BKBC's uncontroverted, sworn evidence should not be believed is all that the plaintiff has done in opposing the Motion to Dismiss, and it is simply not sufficient.

Rather, the plaintiff had a higher burden, described by one court as follows:

> Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations ... to get to a jury without "any significant probative evidence tending to support the complaint."

Ricks v. Wyatt Field Serv. Co., No. CIV.A. 13-00815-SDD, 2015 WL 4429204, at *2 (M.D. La. July 17, 2015)(citations omitted).

This same summary judgement standard applies to Fair Credit Reporting Act claims. See e.g. Simpson v. Certegy Check Servs., No. CV 510-079, 2012 WL

3552848, at *4 (S.D. Ga. Aug. 14, 2012), aff'd sub nom. Simpson v. Certegy Check

Servs., Inc., 513 F. App'x 843 (11th Cir. 2013). In assessing what proof a party

opposing dismissal in a Fair Credit Reporting Act claim must produce, the Court in

Rambarran v. Bank of Am., N.A., 609 F. Supp. 2d 1253, 1256–57 (S.D. Fla. 2009) held:

> the non-moving plaintiff "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There must be a *genuine* factual dispute sufficient to permit a *reasonable* jury to return a verdict for the non-movant; and, "[f]or factual issues to be considered genuine, they must have a real basis in the record." *Mize v. Jefferson City Bd. of Educ.,* 93 F.3d 739, 742 (11th Cir.1996) (quoting *Hairston v. Gainesville Sun Publishing Co.,* 9 F.3d 913, 918 (11th Cir.1993)). "For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir.2005). While the Court must view all of the evidence and any inferences arising therefrom in light most favorable to the non-movant, it is nevertheless insufficient for the non-movant "to state what the evidence at trial will demonstrate" without producing actual "evidence to refute the factual claims contained in the motion for summary judgment." *Schvaneveldt v. MasTec N. Am., Inc.,* 306 F.Supp.2d 1177, 1181 (S.D.Fla.2004) (citing *Hairston,* 9 F.3d at 918). Nor is the Court "required to 'scour the record to determine whether there exists a genuine issue of material fact to preclude summary judgment.' " *Cardinal Capital,* 401 F.Supp.2d at 1282 n. 5.

This Court held that a plaintiff could not survive a summary judgment motion where the

plaintiff failed even on one of the essential elements of a FCRA claim even though

meeting every other element. Rambarran, 609 F. Supp. 2d at 1273.

In this case, the plaintiff has not produced a single shred of evidence to establish

an essential element – perhaps the most essential element – of her claim under the Fair

Credit Reporting Act, that being that BKBC somehow obtained a PeopleMap report

which might qualify as a credit report. Certainly, there may be other defenses that

BKBC would have and other issues this Court would need to address if the plaintiff had any evidence that this PeopleMap report was actually obtained. Rather, she has chosen simply to question whether the sworn Affidavit of Connie Reed as to a Westlaw report should be believed, when that report was bolstered by the separate Affidavits of current and former BKBC employees who performed PeopleMap searches during the period of plaintiff's employment. The case law above demonstrates this is simply unacceptable to resist a dispositive motion.

At the very least, the plaintiff had the burden of establishing BKBC actually obtained a PeopleMap report – and she failed to carry that burden. Rather, she simply raised questions as to whether BKBC's uncontradicted proof should be believed, and did so without any type of sworn testimony.

## II. THE PLAINTIFF MISSTATED AND MISCHARACTERIZED EVIDENCE IN HER "RESPONSE."

BKBC also submits this Memorandum to clarify and correct several misstatements made by the plaintiff in her Response, whether intentional or simply based upon an incorrect reading of the uncontroverted evidence submitted to the Court. Specifically, BKBC would point to the following:

- Without support, the plaintiff questions whether the exhibit to Connie Reed's affidavit setting forth all PeopleMap searches performed between October 7, 2016 and April 27, 2017 is authentic because it does not contain a Westlaw header or footer. First of all, the Affidavit of Connie Reed itself authenticates the document and explains how it was generated. [See Affidavit of Connie Reed, Doc. 16-1, Page 2 of 8 Page ID#: 104]. The sworn testimony of Connie Reed

thus establishes the documents as authentic.

- Furthermore, BKBC anticipated this argument from the plaintiff, hence the very reason that specific affidavits [Documents 16-2 – 16-6] were submitted by various current and former BKBC employees who performed PeopleMap searches during the time of plaintiff's employment. The Court will, no doubt, recognize that the documents attached to those individual affidavits entirely support the information contained on the spreadsheet exhibit attached to the Connie Reed affidavit as to PeopleMap usage. There are no inconsistencies.

- The plaintiff points out Samuel Wright did not provide an affidavit. However, it is clear from the Plaintiff's Complaint that the alleged PeopleMap report was pulled during her employment with BKBC, which was from October 17, 2016 – December 1, 2016. [Affidavit of Connie Reed, Doc. 16-1, Page 2 of 8 Page ID#: 104]. The uncontradicted testimony of Connie Reed establishes Samuel Wright did not run a PeopleMap search during the period of the plaintiff's employment with BKBC. [Affidavit of Connie Reed, Doc. 16-1, Page 3 of 8 Page ID#: 105]. Further, the uncontradicted report attached to the Affidavit of Connie Reed establishes the only PeopleMap search Samuel Wright ran at any time during the period of the report (October 7, 2016 – April 27, 2017) was run on December 5, 2016 [Doc. 16-1, Page 8 of 8 Page ID#: 110]. This was after the plaintiff's termination. Thus, the uncontradicted, sworn testimony is that Samuel Wright did not perform any PeopleMap search during the timeframe referenced by the plaintiff, despite the fact he was employed at BKBC during this time.

- More importantly, the report shows that the only search that Samuel Wright

performed between October 7, 2016 – April 27, 2017 was on a person with the last name of "Williams" – not Martin (the plaintiff). [See Affidavit of Connie Reed, Doc. 16-1, Page 8 of 8 Page ID#: 110].

- Finally, Martin confuses reference to "firm matters" with clear descriptions of PeopleMap searches. At Page 2 of her Response, the plaintiff states searches run as a "firm matter" could, in fact, be run for personal reasons. This is true, but the uncontradicted evidence shows that even if a search is run as a "firm matter" in PeopleMap, it would show up on the report generated by Reed. See, e.g., [Doc. 16-1, Pages 5 of 8 – 8 of 8 Page ID#: 107-110]. Affidavits submitted have demonstrated that, any time a PeopleMap search is run, there must be some identifying information put into the system through which the search can be run. Simply using "firm matter" as a client identification does not mean a PeopleMap search was run.

- BKBC has submitted to the Court evidence of every PeopleMap search run during the time period of the plaintiff's employment, when she alleges such report was obtained. Neither her name nor any other identifying information that would be necessary to run a PeopleMap report appears anywhere in these records for one simple reason – no report was ever run.

## CONCLUSION

For the reasons set forth above, and in its original Motion to Dismiss the Complaint Pursuant to 28 U.S.C. § 1915(e)(2) and/or Fed. R. Civ. P. 12(B)(6), BKBC once again requests that this Honorable Court dismiss this frivolous lawsuit filed against it. The plaintiff has failed to establish the most essential element of her claim under the Fair Credit

Reporting Act – that is that some type of credit report was obtained and utilized by the defendants. Without such a showing, she cannot proceed, and this suit should be dismissed as frivolous. The allegations were made by the plaintiff without one shred of evidence to support the claims, and this Court should not permit this suit to continue.

Respectfully submitted,


_s/Parks T. Chastain_____
**PARKS T. CHASTAIN**
Registration No. 13744
Attorney for Defendants, Brewer, Krause, Brooks & Chastain, PLLC and Ali Toll

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228
DIRECT: (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of _____, 2017, a true and correct copy of the foregoing has been sent, via first-class mail, postage prepaid to:

Ms. Kelly L. Martin
177 Tyler Town Road
Clarksville, TN 37040


_s/ Parks T. Chastain_____
**PARKS T. CHASTAIN**