IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KELLY L. MARTIN, individually and on behalf of her minor child Carter XXXX and as an agent for the U.S. Government,<br><br>Plaintiffs,<br><br>v.<br><br>BREWER, KRAUSE, BROOKS, & CHASTAIN, ALI TOLL, individually and as agent for BREWER, KRAUSE, BROOKS, & CHASTAIN, JOHN DOE, AND JANE DOE,<br><br>Defendants. | Case No. 3:17-cv-00774<br>Judge Crenshaw / Frensley |

## REPORT AND RECOMMENDATION

### I.  Introduction and Background

This matter is before the Court upon Defendants' Motion to Dismiss filed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii), and Fed. R. Civ. P. 12(b)(6).  Docket No. 16.  Along with their Motion, Defendants have contemporaneously filed a supporting Memorandum of Law (Docket No. 17), and the Affidavits of Connie Reed, Theresa Carrico, E. Jason Ferrell, Alethia Glimenakis-Melia, Rachael McMichael, and Alisha Toll (Docket Nos. 16-1 - 16-6).[1]

Plaintiffs have filed a Response in opposition to the Motion.  Docket No. 19.

With leave of Court (Docket No. 26), Defendants have filed a Reply (Docket No. 27).

Plaintiffs filed this pro se, in forma pauperis action pursuant to the Fair Credit Reporting

---

[1] Although Defendants have submitted these Affidavits for the Court's consideration, the undersigned declines to convert the instant Motion into a Motion for Summary Judgment and consider the Affidavits.

Act ("FCRA"), 15 U.S.C. §1681, et seq,[2] alleging that Defendants obtained a "PeopleMap" investigative/consumer report on Plaintiff Kelly Martin without her consent. Docket No. 1, ¶ 20. Plaintiffs also aver that Defendants' failed to provide Plaintiff Kelly Martin with a copy of the report, as required under 15 U.S.C. §1681d(a)(b). *Id.* Plaintiffs maintain that "said report was obtained, utilized, and disseminated illegally and is a direct and intent driven violation of the rules, regulations, and protocols provided under the Fair Credit Reporting Act 15 U.S.C. §1681, as cited and in its entirety." *Id.,* ¶ 21. Plaintiffs essentially contend that Defendants utilized the contents of that report to terminate Plaintiff Kelly Martin without cause, resulting in her experiencing depression, anxiety, and mental distress. *See, e.g., id.,* ¶¶ 27-41. Plaintiffs seek compensatory and punitive damages, as well as an order directing Defendants to change their report to the State of Tennessee to reflect that Plaintiff Kelly Martin did her job in a satisfactory manner, a "permanent restraining order forever enjoining and restraining the Defendants both individually and as a group to disclose only truth about the Plaintiff's job performance and to cease and desist spreading malicious gossip specifically designed to intentionally inflict emotional distress," a letter of recommendation that Plaintiff Kelly Martin can use to seek further employment in the legal industry, and any other such relief as the Court deems appropriate. *Id.*, *Prayer for Relief*.

Defendants filed the instant Motion to Dismiss and supporting materials arguing that this action should be dismissed because Plaintiffs' allegations are conclusory in that Plaintiffs have

---

[2] Although Plaintiffs' Complaint levies several claims against Defendants, in this Court's initial review and opinion granting Plaintiffs' application to proceed in forma pauperis, Judge Crenshaw noted that "the only claim surviving initial review" was Plaintiffs' claim under the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. *See* Docket No. 4.

failed to allege any facts establishing that a "PeopleMap" report was obtained or used, and have further failed to establish that a "PeopleMap" report would be considered a "consumer report" subject to the Fair Credit Reporting Act. Docket Nos. 16, 17. Defendants additionally argue that Plaintiffs' claim should be dismissed because it is frivolous or malicious under 28 U.S.C. §1915(e)(2)(B)(i). *Id.* Defendants maintain that they never obtained a "PeopleMap" report on Plaintiff Kelly Martin, "thereby negating the most basic, essential element of the only surviving claim this Court has identified." *Id.* Defendants also note that "[P]laintiff filed her suit without reasonable investigation and without any facts to support the claim under the Fair Credit Reporting Act." *Id.*

Plaintiffs filed a Response in Opposition to Defendants' Motion, arguing:

> There does not exists [*sic*] any portion of 28 U.S.C. §1915(e)(2) in plaintiff's [*sic*] argument within the Complaint. There is a need not only for this plaintiff's safety and well-being, but for anyone working in the private sector that is not protected by the Healthy Workplace Bill introduced in 2014, for this Honorable Court to set precedence and provide law that protects all individuals from reprisal in the workplace against others who deem it necessary to do so.

Docket No. 19, p. 1.

Plaintiffs further respond that there are credibility issues with the Affidavits and reports submitted by Defendants and with the time frame of those reports, and Plaintiffs request that they be permitted to "Subpoena information necessary to alleviate any issues of authenticity of the spreadsheet and request specific data and metadata . . . for the purposes of investigation. *Id.* at 2, 4. Plaintiff Kelly Martin additionally responds that, although she has filed EEOC Complaints against other employers, Defendants' assertion that she has sued other employers beyond

Defendants and the Leitner firm defendants is false. *Id.* at 2-4. Plaintiff Kelly Martin maintains that she has filed suit in this instance "because the harassment is ongoing, the pattern is obvious, and certain privacy rights provided by the U.S. Constitution have been violated towards this Plaintiff. Likewise, when Plaintiff discussed the issues with the Defendants collectively, she was terminated without any investigation whatsoever, which was supposed to take place *in accordance with their own firm manual*." *Id.* at 4 (emphasis original).

Plaintiffs additionally respond,

> According to the Fair Credit and Reporting Act, and the information being discussed by Connie Reed and Laurie, the contract employee, there was an obvious breach of privacy that could have only came by obtaining information from a legal source and illegally using it against the Plaintiff. While some information discussed is public record, as the Fair Credit and Reporting Act requires, the Employer is to notify the employee of any information obtained and provide the employee with the opportunity to rebut and/or discuss prior to any such information being used for the purpose of hiring, promotion, and terminating. None of these protocols as outlined in the Fair Credit Reporting Act were followed or adhered to. However, it is the practice of [Defendants] to obtain peoplemap reports on potential employees as Plaintiff will introduce a past candidate that has applied and interviewed with [Defendants], and will further testify to being presented with an authorization form allowing said report to be obtained.

*Id.*

Plaintiffs ask this Court to deny Defendants' Motion to Dismiss and to allow discovery to proceed. *Id.*

Defendants, in their Reply, assert that Plaintiffs' Response is "legally inadequate to resist or oppose" their Motion. Docket No. 27, p. 1. Specifically, Defendants reply that, "Asserting that [Defendants'] uncontroverted, sworn evidence should not be believed is all that the plaintiff

has done in opposing the Motion to Dismiss, and it is simply not sufficient." *Id.* at 3. Defendants additionally reply that Plaintiffs cannot prevail on their claim where they have failed to allege even one of the essential elements of a FCRA claim. *Id.* at 4. Defendants maintain that Plaintiffs have failed to produce a "single shred of evidence to establish an essential element - perhaps the most essential element - of her claim under the Fair Credit Reporting Act, that being that [Defendants] somehow obtained a PeopleMap report which might qualify as a credit report." *Id.* Defendants add, "At the very least, the plaintiff had the burden of establishing [Defendants] actually obtained a PeopleMap report - and she failed to carry that burden. Rather, she simply raised questions as to whether [Defendants'] uncontradicted proof should be believed, and did so without any type of sworn testimony." *Id.* at 5. Defendants further reply that Plaintiffs have "misstated and mischaracterized evidence" in the Response, and Defendants address Plaintiffs' various affidavit contentions in turn.[3] *Id.* at 5-7.

For the reasons set forth below, the undersigned finds that Plaintiff's allegations are conclusory and fail to state a claim upon which relief may be granted. The undersigned therefore recommends that Defendants' Motion to Dismiss be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

## II. Law and Analysis

### A. 28 U.S.C. §1915(e)(2)

28 U.S.C. §1915(e)(2) provides:

---

[3] Because the undersigned is not considering Defendants' extrinsic evidence, the undersigned declines to discuss the contents of the Affidavits submitted by Defendants, Plaintiffs' specific Response arguments related thereto, and Defendants' Reply arguments thereon.

5

> (2) Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that –
>
>> (A) the allegation of poverty is untrue; or
>> (B) the action or appeal –
>>> (i.)   is frivolous or malicious;
>>> (ii.)  fails to state a claim on which relief may be
>>>        granted; or
>>> (iii.) seeks monetary relief against a defendant who
>>>        is immune from such relief.

**B.  Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.  In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.  *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  *Id.*  A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face."  *Id*. At 1965, 1974.  *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*.  First,

the tenet that a court must accept as true all of the allegations
contained in a complaint is inapplicable to legal conclusions.
Threadbare recitals of the elements of the cause of action,
supported by mere conclusory statements, do not suffice . . . . Rule
8 marks a notable and generous departure from the hyper-technical,
code-pleading regime of a prior era, but it does not unlock the
doors of discovery for plaintiff armed with nothing more than
conclusions. Second, only a complaint that states a plausible claim
for relief survives a motion to dismiss . . . . Determining whether a
complaint states a plausible claim for relief will, as the Court of
Appeals observed, be a context-specific task that requires the
reviewing court to draw on its judicial experience and common
sense. . . . But where the well-pleaded facts do not permit the court
to infer more than the mere possibility of misconduct, the
complaint has alleged - but it has not "show[n]" - "that the pleader
is entitled to relief."

556 U.S. at 678-79 (citations omitted).

## C. 15 U.S.C. §1681, et seq.

In the Sixth Circuit, in order to establish a violation of the FCRA, a plaintiff must demonstrate *all* of the following:

> To maintain a claim for improper use of a credit report, the
> plaintiff must prove that the defendant acted with the specified
> level of culpability. The plaintiff must also show three elements:
> (i) that there was a 'consumer report' within the meaning of the
> statute; (ii) that the defendant used or obtained it; and (iii) that the
> defendant did so without a permissible statutory purpose. If [the
> plaintiff] fails to demonstrate any element of this analysis the
> [FCRA] claim must fail.

*Bickley v. Dish Network, LLC,* 751 F.3d 724, 728 (6th Cir. 2014)(internal citations and quotations omitted).

## D. The Case at Bar

As discussed above, in order to prevail on their claim under the FCRA, Plaintiffs must demonstrate that there was, in fact, a "consumer report" within the meaning of the statute, that

7

Defendants used or obtained the "consumer report," that Defendants used or obtained the "consumer report" without a permissible statutory purpose, and that Defendants acted with the requisite level of culpability. *See, e.g., Bickley*, 751 F.3d at 728.

The relevant allegations of Plaintiffs' Complaint, in their entirety, are as follows:

> 19. . . . Further, the conversation heard mentioned a people map being ran on the Plaintiff . . .
>
> 20. Plaintiff asserts under penalty of perjury that she did not provide the Defendant Firm or Defendant Ali Toll, John Doe or Jane Doe with the appropriate permission required by 15 U.S.C. §1681 to obtain any investigative or consumer report. Said violations of obtaining a report of that nature on the Plaintiff were further compounded by the Defendants, collectively, failing to provide the Plaintiff with a copy of the report as required under 15 U.S.C. Section 1681 d(a)(b). Prior to running the people map report, the obtainer of such a report must attest under penalty of perjury that the usage of said report is done so for litigation purposes or for the purpose of obtaining background information and that the appropriate permission has been obtained. The Plaintiff has not provided by oral, written, electronic, or by any other means for the Defendants, collectively, to obtain such a report on the Plaintiff at any point.
>
> 21. Because of the reasons stated in paragraph twenty (20), Plaintiff asserts that said report was obtained, utilized, and disseminated illegally and is a direct and intent driven violation of the rules, regulations, and protocols provided under the Fair Credit Reporting Act 15 U.S.C. § 1681, as cited and in its entirety.
>
> 22. The Defendants, collectively, violated the Plaintiffs [*sic*] right to privacy and further denied her the right to object to or explain any such information contained in the people map investigative/ consumer report.
>
> . . .
>
> 27. Because of the collective Defendants complete disregard for federal rules and processes as stated in the Fair Credit Reporting Act, and the United States Constitution, and their malicious acts,

> Plaintiff has felt and continues to feel mental distress that has
> included board certified mental health professionals [*sic*]
> recommendation to spend time inpatient at a facility to recuperate
> from the additional maltreatment Plaintiff endured that is further
> outlined and very similar to the treatment Plaintiff reported to the
> EEOC.

Docket No. 1.

As can be seen, Plaintiffs' allegations are conclusory. Plaintiffs have failed to demonstrate that there was, in fact, a "consumer report" within the meaning of the statute, that Defendants used or obtained the "consumer report," that Defendants used or obtained the "consumer report" without a permissible statutory purpose, and that Defendants acted with the requisite level of culpability. *See, e.g., Bickley*, 751 F.3d at 728. Because Plaintiffs' Complaint fails to contain nonconclusory direct or inferential allegations respecting all material elements required for recovery under the FCRA, Plaintiffs' Complaint fails to state a claim under the FCRA, and this action should be DISMISSED.

### III.  Conclusion

For the reasons discussed above, the undersigned finds that Plaintiff's allegations are conclusory and fail to state a claim upon which relief may be granted. The undersigned therefore recommends that Defendants' Motion to Dismiss be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

9

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge