# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KELLY L. MARTIN, ET AL., | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) NO. 3:17-cv-00774<br>) CHIEF JUDGE CRENSHAW |
| BREWER, KRAUSE, BROOKS & CHASTAIN, ET AL., | )<br>)<br>) |
| Defendants. | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation. (Doc. No. 28.) No timely objection has been filed. The Magistrate Judge recommends granting the pending motion to dismiss. (Id.) The Court has conducted a de novo review of this action brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").[1] Plaintiff alleges that her former employer, the law firm Brewer, Krause, Brooks & Chastain, and several of its agents, obtained a Westlaw PeopleMap report about her without her consent and failed to provide her with

---

[1] The FCRA governs the dissemination of "consumer reports," which it defines to include any "communication of any information by a consumer reporting agency bearing on a consumer's . . . character, general reputation, [or] personal characteristics," which is used or expected to be used as "a factor in establishing the consumer's eligibility for . . . employment purposes." 15 U.S.C. § 1681a(d)(1). A "consumer" for the purposes of FCRA is any individual. § 1681a(c). FCRA defines "employment purposes" to include "evaluating a consumer for employment, promotion, reassignment or retention," and defines "consumer reporting agency" to include "any person which, for monetary fees, . . . regularly engages in whole or in part in the practice of assembling . . . information on consumers for the purpose of furnishing consumer reports to third parties" in interstate commerce. § 1681a(f) and (h). FCRA prohibits the procurement of a consumer report for employment purposes unless the consumer has authorized the procurement in writing after "clear and conspicuous disclosure," and further prohibits any adverse employment action based in whole or in part on the report without first providing to the affected consumer a copy of the report and a description of the consumer's rights under the FCRA. § 168b(2)(A) and (3)(A).

a copy of the report. Plaintiff alleges that she was subsequently terminated, presumably based upon information contained in the report, despite never having been cited for any deficits in her job performance. On May 5, 2016, the Court conducted a frivolity review and concluded that Plaintiff's FCRA claim survived, "subject to further development about whether the PeopleMap report in question constitutes a consumer report governed by FCRA." (Doc. No. 4 at 4.) The Court permitted discovery and required a reasonable investigation to identify anyone involved in the creation of the alleged PeopleMap report. (Id. at 6.)

Defendants filed a motion to dismiss, but did not address the question of whether a PeopleMap report is a "consumer report" in their briefing. (Doc. Nos. 17, 19, 22.) Instead, their motion asserted as a matter of undisputed fact that "no PeopleMap report was ever run on the Plaintiff." (Doc. No. 17 at 2.) In support of this claim, Defendants attached six affidavits from the employees who allegedly would have been capable of running the PeopleMap report during the relevant time. (Doc. Nos. 16-1 to 16-6.) Defendants acknowledged that, by doing so, the Court might "have to treat this matter as a Motion for Summary Judgment, and if the Court feels so inclined, invites and requests the Court to do so." (Doc. No. 16 at 3 n.1.) Plaintiff's response to the motion, although somewhat unintelligible, does appear to object to some of Defendants' assertions regarding information conveyed via these affidavits. (Doc. No. 19 at 1-2.)

The Report and Recommendation, however, opted not to convert the motion to one for summary judgment, not to consider the affidavits, and to make a recommendation based upon Federal Rule of Procedure 12(b)(6). It concluded that the Complaint contained only conclusory allegations. The Court finds this conclusion potentially correct but also potentially at odds with its May 2016 Order. The Court also concludes that the more appropriate course of action is to convert the pending motion into one for summary judgment. The Court will, therefore, **SET ASIDE** the

Report and Recommendation (Doc. No. 28). The motion to dismiss is converted to a motion for summary judgment and **DENIED WITHOUT PREJUDICE**, subject to renewal after a period of additional discovery for the Plaintiff to be set by the Magistrate Judge.[2] Fed. Rule of Civ. Proc. 56(d). The Magistrate Judge shall issue a new Report and Recommendation on the renewed motion for summary judgment in due course.

    IT IS SO ORDERED.

                                                    _____
                                                  WAVERLY D. CRENSHAW, JR.
                                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court makes no judgment as to how long this period must be, and, indeed, it may be quite short. The Magistrate Judge will know best.